UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS AVERY and KURT STABEL, | Case No. 3:12-cv-00652-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | (Defendant's Motion to Dismiss – dkt. no. 26) |
| STANFORD BARSKY, | (Plaintiffs' Request for Leave to File Sur-Reply to Defendant's Reply Brief |
| Defendant. | – dkt. no. 29) |

## I. SUMMARY

Before the Court are Defendant Stanford Barsky's Motion to Dismiss (dkt. no. 26) and Plaintiffs' Request for Leave to File Surreply to Defendant's Reply Brief (dkt. no. 29). For the reasons stated below, Defendant's Motion is granted in part and denied in part, and Plaintiffs' Motion is denied.

## II. BACKGROUND

In 1999, Plaintiffs Thomas Avery and Kurt Stobel collaborated and developed an invention which they later sought to patent. Plaintiffs conceived of an idea to create a searchable database of digital images of known pathology specimens, and then use pattern recognition software to compare images of unknown pathology specimens to known pathology specimens to identify similar specimens. The invention would use that information to help diagnose a condition. In their Patent Application, the parties referred to this invention as "High Resolution Digital Image Processing in the Analysis of Pathological Materials." (Dkt. no. 1 at 19.)

Plaintiffs worked with Defendant Dr. Barsky, an affiliate of UCLA, to develop the idea, turn it into a patentable invention, and develop a business called Imaging Insight that would bring the invention to market. Plaintiffs negotiated with UCLA to advance the expenses associated with pursuing the patent. UCLA directed its counsel to prepare and file the patent application. Provisional Patent Application 60/224,252 was filed with the US Patent and Trademark Office ("USPTO") on August 10, 2000. Dr. Barsky, Stabel, and Avery were all listed as inventors.

The parties agreed that they would keep confidential their exchange of ideas for the development of the patent. They also agreed to divide equally any proceeds derived from the pursuit of the business and/or the patent.

However, Plaintiffs allege that Dr. Barsky did not honor the parties' agreement, instead individually pursuing the patent and development of the related business. On August 9, 2001, Dr. Barsky submitted a new patent application for the same invention Avery and Stabel had approached him about in 2000. The application named Dr. Barsky as the sole inventor, but copied verbatim most of the language from the original patent application. Dr. Barsky then executed an Assignment of Rights to the Regents of the University of California. Then, in January 2003, without Plaintiffs' knowledge, Dr. Barsky helped form a company named BioImagene. The company was formed to develop digital pathology as a research and diagnostic tool. Over the following two years, Dr. Barsky and others related to BioImagene filed applications for spin-off patents for the automated detection of cell patterns to be used by BioImagene.

In 2008, the Regents of the University of California assigned their contrived rights in the invention to Ohio State University ("OSU"). In early 2011, OSU assigned to Dr. Barsky, without consideration, its contrived rights in the invention.

On February 22, 2011, the USPTO issued OSU Patent No. US 7,894,645 B2. The supporting documentation names Dr. Barsky as the sole inventor.

Plaintiffs aver that Dr. Barsky reaped substantial rewards as a result of the patent. For example, he was recognized as a "pioneer of digital pathology" and used his

success to become a professor and Chair of the Department of Pathology at the University of Nevada School of Medicine. Dr. Barsky then participated in the sale of BioImagene, along with transfer of the spin-off patents, to the Roche company for roughly $1 billion. While Plaintiffs' Division of Proceeds Agreement with Dr. Barsky stated that Dr. Barsky was required to provide Plaintiffs with written notice of all proceeds granted to him within ten days of his receipt, and to divide the proceeds equally amongst himself, Avery, and Stabel, Dr. Barsky did not provide Plaintiffs with any of the proceeds from BioImagene's sale.

Plaintiffs filed this lawsuit against Dr. Barsky on December 12, 2012. The Complaint alleges claims for (1) direct and contributory patent infringement; (2) breach of contract; (3) fraud; (4) misappropriation of trade secrets; (5) conversion; (6) unjust enrichment; and (7) breach of the covenant of good faith and fair dealing. Defendant now brings a Motion to Dismiss all claims.

### III. PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY BRIEF

Plaintiffs seek leave to file a Sur-Reply, arguing that Defendant's Reply brief raises "new factual arguments, makes mistakes or false statements which need to be corrected, makes assertions which need to be rebutted, and takes a position that must be contested." (Dkt. no. 29 at 3.)

Local Rule 7-2(a)(c) allows a motion, a response and a reply. No provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond*." *Kanvick v. City of Reno*, No. 3:06-CV-00058, 2008 WL 873085, at *1, n.1 (D. Nev. March 27, 2008) (emphasis in original). Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

///

Plaintiffs request leave to file a sur-reply in order to respond to two issues raised for the first time in Defendant's Reply Brief: (1) the laches defense; and (2) new factual and legal arguments regarding his breach of contract claim.  "[I]t is improper for a party to raise a new argument in a reply brief." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) *aff'd*, 36 F. App'x 612 (9th Cir. 2002) (*citing United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (other citations omitted).  Thus, to the extent Defendant raised a laches defense in his Reply Brief, the Court did not consider this argument. Moreover, though not a model of clarity, Defendant seems to bring new grounds for dismissing Plaintiffs' breach of contract claim under a section in the Reply entitled "Documents Received Pursuant to a Request for Public Records."  Following this nonsensical header, Defendant references several documents in an apparent attempt to argue that the agreements between the parties have expired or that Plaintiffs do not have a cognizable breach of contract claim under either of the attached agreements. The Court agrees with Plaintiffs that these arguments were not raised in the Motion to Dismiss, and therefore they were not considered by the Court.

Plaintiffs' Motion for Leave to File a Sur-Reply is accordingly denied, as the Court did not consider the arguments or evidence Plaintiffs find objectionable.

**IV.    MOTION TO DISMISS LEGAL STANDARD**

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the

form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## V.  DISCUSSION

### A.  Patent Infringement

Plaintiffs allege that Dr. Barsky is liable for both direct and contributory patent infringement. These claims must be dismissed because Plaintiffs do not allege that their invention has in fact obtained patent registration with the USPTO. While Plaintiffs allege that they filed a Provisional Patent Application, no where does the Complaint allege that the USPTO issued the patent. In fact, a search on the USPTO database demonstrates that the Provisional Application for 60/224,252 has expired, and that the patent was not issued.[1] The Court takes judicial notice of this public record. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

A plaintiff cannot bring a claim for patent infringement if the invention at issue is not, in fact, patented. 35 U.S.C. § 271. Defendant's Motion to Dismiss Plaintiffs' patent infringement claim is accordingly granted.

### B.  Statute of Limitations Defense

Defendant asserts that Plaintiffs' claims for breach of contract, fraud, misappropriation of trade secrets, conversion, and breach of the covenant of good faith and fair dealing are barred by their applicable statutes of limitations, because Dr. Barsky

///

---

[1] *See* USPTO Website, http://portal.uspto.gov/pair/PublicPair.

5

filed the patent application naming only himself as inventor on August 9, 2001.[2]  As such, this information was in the public domain at that time, and the statutes of limitations for Plaintiffs' claims began to run at that time.

"The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998). "An exception to the general rule [is the] 'discovery rule.'" *Id.* "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.*

It is true that the "[i]ssuance of a patent and recordation in the patent Office constitute notice to the world of its existence." *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397-98 (9th Cir. 1991) (*quoting Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 393 (1936)). However, "courts have reached different conclusions as to whether published patent applications confer constructive notice of their existence." *Onyx Pharmaceuticals, Inc. v. Bayer Corp.*, C 09-2145 MHP, 2011 WL 7905185, at *9 (N.D. Cal. May 10, 2011) (*comparing OrbusNeich Med. Co., Ltd., BVI v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 117 (D. Mass. 2010) ("BSC alleges nothing which would suggest that Orbus had any reason to suspect a potential misappropriation of its confidential information, such that it was under a duty to investigate the contents of BSC's published patent applications or annual report.") *and Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C 04-3923, 2005 U.S. Dist. LEXIS 46595, at *18 (N.D. Cal. May 18, 2005) (Chesney, J.) ("Synopsys was not chargeable with notice of the publication of Magma's PCT application unless and until Synopsys had reason to suspect that its confidential information had been misappropriated") *with WesternGeco v.*

---

[2] Defendant also argues in his Reply Brief that Plaintiffs' unjust enrichment claim is barred by the statute of limitations. The Court does not consider this new argument, raised for the first time in the Reply. *See. Boyce,* 148 F. Supp. 2d at 1085. However, for reasons stated herein in Section V(B), even were the Court to consider this argument, the argument would fail.

*Ion Geophysical Corp.*, No. 09-cv-1827, 2009 WL 3497123, at *5 (S.D. Tex. Oct. 28, 2009) ("[Ion] has a strong interest in learning about international progress and developments in this area. Thus, it is not unreasonable to expect that Ion would examine the public records published under the PCT to determine what its colleagues around the world are inventing and accomplishing.")).

The Court determines that it is not appropriate at the motion to dismiss stage to dismiss these claims on statute of limitation grounds.  Plaintiffs allege that they discovered their exclusion as co-inventors on the registered patent in March 2011, shortly after Dr. Barsky obtained a patent on the invention Plaintiffs allegedly approached him about in August 2000. It is not clear from the Complaint that this allegation is unreasonable.  Therefore, under the discovery rule, the statute of limitations may have tolled until March 2011.  *See Bemis*, 967 P.2d at 440.

**C.     Fraud**

Plaintiffs' fraud claim is subject to a heightened pleading standard.  "Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party state with particularity the circumstances constituting fraud." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012) (*quoting* Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (citations omitted). Accordingly, "the complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (citations omitted).

The elements of fraud are "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) [that] defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and

(4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

The Complaint alleges fraud with sufficient particularity. Plaintiffs allege that on or about March 28, 2001, in Los Angeles, California, Dr. Barsky told them that he intended to develop the subject patent with them and to pay them a certain percentage of the proceeds. Defendant contends that these allegations do not support fraud, but rather are akin to a breach of contract claim, because they essentially allege a promise that Dr. Barsky made to Plaintiffs, but then failed to perform. This argument fails. Plaintiffs' allegations state a plausible claim for fraud. First, Plaintiffs allege that Dr. Barsky knew the statements were false. Second, Plaintiffs demonstrate that this belief is plausible because they further allege that Dr. Barsky did not work with them to develop the patent nor did he share any proceeds from the invention with Plaintiffs. Plaintiffs plainly allege that Dr. Barsky made several representations to Plaintiffs that he knew were false in order to induce Plaintiffs to provide him with their idea for the patent.

Moreover, the fraud allegations meet the heightened pleading requirements of Rule 9(b) because they provide Defendant with notice regarding the time, place, and content of his alleged misrepresentations. The Complaint details that the misrepresentation occurred on or about March 28, 2001, in Los Angeles, between Dr. Barsky and Plaintiffs. The Complaint also includes specific information about the alleged misrepresentation – namely, that Dr. Barsky told Plaintiffs he would develop the patent with them, would work with them to develop a business to market the patent, and would provide Plaintiffs with proceeds garnered from the patent.

### D. Unjust Enrichment

Contrary to Defendant's assertion, Plaintiffs may bring this claim even though they allege the existence of a written contract.

It is true that "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated*

*November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (*citing* 66 Am. Jur. 2d Restitution § 6 (1973)). "The doctrine of unjust enrichment or recovery in quasi-contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Leasepartners*, 942 P.2d at 187.

However, under Federal Rule of Civil Procedure 8(e)(2), a plaintiff may plead alternative, inconsistent theories. *See also In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1117 (D. Nev. 2007) (holding that a plaintiff may allege claims for both unjust enrichment and breach of contract.) "Thus, although a plaintiff may not recover on both theories [unjust enrichment and breach of contract], 'a plaintiff may claim . . . remedies as alternatives, leaving the ultimate election for the court.'" *Id.* (*citing E.H. Boly & Son, Inc. v. Schneider*, 525 F.2d 20, 23 n.3 (9th Cir. 1975)).

In his Reply Brief, Defendant concedes that Plaintiffs correctly bring this claim under Rule 8(e)(2). (Dkt. no. 28 at 5.) As Defendant states no other reason for dismissing this claim aside from those stated herein, Defendant's Motion to Dismiss this claim is denied.

**VI.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (dkt. no. 26) is GRANTED IN PART and DENIED IN PART as follows:

- The Motion is GRANTED as it relates to Plaintiffs' patent infringement claim. This claim is dismissed without prejudice.
- The Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Sur-Reply (dkt. no. 29) is DENIED.

ENTERED THIS 17th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE