Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara M. McDonald, Esq., NV Bar No. 11651
**MADDOX, ISAACSON & CISNEROS, LLP**
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

Troy A. Glander, Esq. *(admitted pro hac vice)*
M. Alex Nava, Esq. *(admitted pro hac vice)*
**ALLAN, NAVA & GLANDER, PLLC**
825 W. Bitters Rd., Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Facsimile: (210) 305-4219
tglander@anglawfirm.com
anava@anglawfirm.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS AVERY and KURT STABEL, | CASE NO.:   3:12-cv-000652-MMD-WGC |
| Plaintiffs, | |
| v. | |
| SANFORD BARSKY, M.D., | **REVISED STIPULATED PROTECTIVE ORDER** |
| Defendant. | |
| SANFORD BARSKY, M.D., | |
| Third-Party Plaintiff, | |
| v. | |
| VENTANA MEDICAL SYSTEMS, INC., a Delaware corporation; and OHIO STATE UNIVERSITY, an Ohio state institution, | |
| Third-Party Defendants. | |

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

1

Plaintiffs THOMAS AVERY and KURT STABEL, by and through their attorneys of record, Maddox, Isaacson & Cisneros, LLP and Allan, Nava, and Glander, PLLC; Defendant and Third-Party Plaintiff, SANFORD BARSKY, M.D., by and through his attorneys of record, Maupin, Cox & Legoy, and Third-Party Defendants, VENTANA MEDICAL SYSTEMS, INC., by and through its attorneys of record, FENNEMORE CRAIG JONES VARGAS, hereby stipulate to the entry of this Revised Stipulated Protective Order as follows:

1.      **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "For Counsel Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2.      **Qualified Persons**

"Qualified Persons" means:

a.      For information designated as "For Counsel Only":

    i.      retained counsel for the parties in this litigation and their representative staff;

    ii.      actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.      this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.      For information designated as "Confidential":

    i.      the persons identified in subparagraph 2(a);

2

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

ii.     the party, if a natural person;

iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this protective order (such signed document to be maintained by the attorney designating such person);

iv.     litigation vendors, court reporters, and other litigation support personnel;

v.      and person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.      Such other person as this court may designate after notice and an opportunity to be heard.

3.      **Designation Criteria**

a.      *Nonclassified Information.* Classified Information shall not include information that either:

i.      is in the public domain at the time of disclosure as evidenced by a written document;

ii.     becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.     lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.      *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is

3

generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, customer data, and other sensitive information that, if not restricted as set forth in this order may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c. *For Counsel Only.* The designation "For Counsel Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d. *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

4

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

4.    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

5.    **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp or label indicating that the information is "Confidential" or "For Counsel Only".  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

6.    **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party may also designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.  All deposition transcripts

5

shall be treated as if designated "For Counsel Only" for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7.    **Disclosure to Qualified Persons**

a.    *To Whom.*  Classified information shall not be disclosed or made available by the receiving party to persons other than qualified persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however,* that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.    *Retention of Copies During this Litigation.*  Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

provided to Qualified Persons shall be maintained only at the office of such Qualified Person(s) and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

      c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

      8.      **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later maybe designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately inform the producing party of all pertinent facts relating to such disclosure shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

      9.      **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection.  At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "For Counsel Only" by the producing party.

      10.      **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

anything in this order prevent any counsel of record from utilizing a document with any person that created or received the document.  Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in in trial if the Court allows the usage after the parties have had an opportunity to raise any concerns.

11.    **Challenging the Designation**

a.    *Classified Information.*  A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by moving the court for an order changing the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise.

b.    *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the

8

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

risk of serious harm. Upon the timely filing of such a motion, no disclosure of classified information shall be made to the disputed person unless and until the court enters an order preserving the designation.

12. **Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

13. **Filing Under Seal**

Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9 Cir. 2006).

14. **Return of Documents**

Not later than 120 days after the conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned   to the producing party or

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

destroyed, except as this court may otherwise order or to the extent such information has been

used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy

information, Counsel may retain attorney work product, including document indices, so long as

that work product does not duplicate verbatim substantial portions of the text of any classified

information.

15.    **Ongoing Obligations**

Insofar as the provisions of the Protective Order, or any other protective orders entered

in this litigation, restrict the Communication and use of the information protected by, such

provisions shall continue to be binding after the conclusion of this litigation, except that (a)

there shall be no restriction on documents that are used as exhibits in open court unless such

exhibits were filed under seal, and (b) a party may seek the written permission of the producing

party or order of the court with respect to dissolution of modification of this, or any other,

protective order.

16.    **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorneys

client with respect to this litigation from conveying to any party client attorneys evaluation in a

general way of Classified Information produced or exchanged under the terms of this order;

provided, however, that in rendering such advice and otherwise communicating with the client,

the attorney shall not disclose the specific contents of any Classified Information produced by

another party if such disclosure would be contrary to the terms of this Protective Order.

17.    **Duty to Ensure Compliance**

Any party designating any person has a Qualified Person shall have the duty to

reasonably ensure that such person observes the terms of this Protective Order and shall be

responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

18.    **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.  Moreover the parties specifically include this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under the Protective Order will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

19.    **Modification and Exceptions**

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

11

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

IT IS SO STIPULATED.

DATED this ___ day of _____, 2014.          DATED this 22nd day of January, 2014.

MADDOX, ISAACSON & CISNEROS, LLP          MAUPIN, COX & LEGOY

_Barbara McDonald NV Bar 11651 for_          _Donald A. Latti_

Robert C. Maddox, Esq., NV Bar No. 4002          Donald A. Lattin, Esq., NV Bar No.
Troy L. Isaacson, Esq., NV Bar No. 6690          Carolyn K. Renner, Esq., NV Bar No.
Norberto J. Cisneros, Esq., NV Bar No. 8782          4785 Caughlin Parkway
3811 West Charleston Blvd., Suite 110          Reno, Nevada 89519
Las Vegas, Nevada  89102          *Attorneys for Defendant*
          *Sanford Barsky, M.D.*

Troy A. Glander, Esq.
M. Alex Nava, Esq.
ALLAN, NAVA & GLANDER, PLLC          DATED this ___ day of _____, 2014.
825 W. Bitters Rd., Suite 104
San Antonio, Texas 78216          FENNEMORE CRAIG JONES VARGAS
*Attorneys for Plaintiffs*


          _____

          Shannon S. Pierce, Esq.
          300 E. Second Street, Suite 1510
          Reno, NV 89501
          *Attorneys for Third Party Defendant Ventana*
          *Medical Systems, Inc.*


          **ORDER**

          IT IS SO ORDERED.


          _____

          UNITED STATES DISTRICT JUDGE

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

12

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

IT IS SO STIPULATED.

DATED this ____ day of _____, 2014.

MADDOX, ISAACSON & CISNEROS, LLP

_____
Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102

Troy A. Glander, Esq.
M. Alex Nava, Esq.
ALLAN, NAVA & GLANDER, PLLC
825 W. Bitters Rd., Suite 104
San Antonio, Texas 78216
*Attorneys for Plaintiffs*

DATED this ____ day of _____, 2014.

MAUPIN, COX & LEGOY

_____
Donald A. Lattin, Esq., NV Bar No.
Carolyn K. Renner, Esq., NV Bar No.
4785 Caughlin Parkway
Reno, Nevada 89519
*Attorneys for Defendant*
*Sanford Barsky, M.D.*

DATED this 22nd day of January 2014.

FENNEMORE CRAIG JONES VARGAS

_____
Shannon S. Pierce, Esq.
300 E. Second Street, Suite 1510
Reno, NV 89501
*Attorneys for Third Party Defendant Ventana*
*Medical Systems, Inc.*

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  February 6, 2014

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89102

12